**James E. O'NEIL, Attorney General**

v.

**CODE COMMISSION FOR OCCUPATIONAL SAFETY AND HEALTH et al.**

No. 86–41–Appeal.

Supreme Court of Rhode Island.

Dec. 11, 1987

James E. O'Neil, Atty. Gen., Nicholas Trott Long, Terence J. Tierney, Asst. Attys. Gen., for plaintiff.

James M. Sloan, III, Christine Engustian, Gardner, Sawyer, Gates & Sloan, Providence, Robert J. Rahill, Rahill & Rahill, Pawtucket, for defendant.

## OPINION

KELLEHER, Justice.

The focus of this dispute is G.L. 1956 (1984 Reenactment) § 42–46–8, as amended by P.L. 1985, ch. 373, § 1. Chapter 46 of title 42 is known as the Open Meetings Law. In essence, the pertinent portions of § 42–46–8 specify that any Rhode Island citizen who is "aggrieved" by any violation of chapter 46 of title 42 "may file a complaint with the attorney general"; and if that officer determines that the complaint has merit, the official may file a complaint on behalf of the complainant in the Superior Court. This section also makes it clear that an individual can retain private counsel for the purpose of filing a complaint. Each complaint must be filed within sixty days of the date of the public approval of the minutes of the meeting in question.

In mid-September 1985, a complaint was filed by the then-Attorney General[1]

against the Code Commission for Occupational Safety and Health and its members,[2] alleging that the members had conducted meetings without posting prior notices of such events and had failed to keep minutes of what happened at the meetings. Both the postings and the minute keeping are required by the Open Meetings Law.

The issue before the trial justice was, and before this court is, whether the Attorney General may sua sponte initiate a complaint in the Superior Court alleging a violation of the Open Meetings Law.

The Attorney General contends that the trial justice's rejection of his predecessor's complaint runs counter to the general powers accorded his office and the public policy of the Open Meetings Law. He also argues that in light of past pronouncements of this court, he can be considered an "aggrieved" person.

The defendants, on the other hand, emphasize that § 42–46–8 is clear and unambiguous and needs no interpretation.

The Attorney General has placed great emphasis on a line of cases in which this court has afforded standing to a variety of agency directors and commissioners seeking judicial review and has granted standing upon the agency itself in situations in which the public has an interest that the issue in dispute be resolved because of implications that reach beyond the immediate parties' concerns.[3]

The Legislature, in its treatment of the Open Meetings Law, could have followed the path it laid down in G.L. 1956 (1980 Reenactment) § 45–24–7 where it specifically provides that the only avenue avail-

1. Under Super. R. Civ. P. 25(d)(1), when a public officer ceases to hold office, his or her successor is automatically substituted as a party. Consequently, we have substituted the incumbent Attorney General as party plaintiff.

2. The commission consists of five members, of which two members represent industry; and two members represent labor; with the fifth member, designated as chairperson, representing the public interest. Each commission member is to receive compensation of up to $25 for each day spent in discharging his or her duties, not to exceed $1500 annually. The committee's charge is the elimination of safety and health

hazards in the work place by the adoption of codes that comply with the standards established by nationally recognized organizations. G.L. 1956 (1986 Reenactment) §§ 28–20–22 through 28–20–24.

3. *Renza v. Murray,* 525 A.2d 53 (R.I. 1987); *Newman-Crosby Steel, Inc. v. Fascio,* 423 A.2d 1162 (R.I. 1980); *Matunuck Beach Hotel, Inc. v. Sheldon,* 121 R.I. 386, 399 A.2d 489 (1979); *Altman v. School Committee of the Town of Scituate* 115 R.I. 399, 347 A.2d 37 (1975); and *Buffi v. Ferri,* 106 R.I. 349, 259 A.2d 847 (1969).

able for the enforcement of local zoning ordinances is by seeking the assistance of the solicitors who are employed by the various municipalities in this state. *Town of Charlestown v. Beattie*, 422 A.2d 1250 (R.I. 1980); *Zeilstra v. Barrington Zoning Board of Review*, 417 A.2d 303 (R.I. 1980). However, the Legislature has seen fit specifically to limit recourse to the judicial branch to the individual citizen who may seek the assistance of the office of the Attorney General or hire private counsel.

■ This court has said on numerous occasions that when the language of the statute is unambiguous and expresses a clear and sensible meaning, no room for statutory construction or extension exists and we are required to give the words of the statute their plain and obvious meaning. *In re Advisory Opinion to the Governor*, 504 A.2d 456 (R.I. 1986); *City of Warwick v. Aptt*, 497 A.2d 721 (R.I. 1985); *Fruit Growers Express Co. v. Norberg*, 471 A.2d 628 (R.I. 1984).

■ Because of the explicit language used by the Legislature, the public-interest criteria that may have been invoked by this court in other controversies cannot be applied here. We note that one of the defendants has alleged that the imposition of fines that was embodied in a 1985 amendment to the Open Meetings Law became effective subsequent to the time he resigned from the commission. However, there is no necessity, in light of our conclusions stated above, for any consideration being given to this issue.

Consequently the Attorney General's appeal is denied and dismissed, and the judgment appealed from is affirmed.