Mary Y. KRUPA et al.

v.

Henry F. MURRAY, Jr. et al.

No. 88–67–M.P.

Supreme Court of Rhode Island.

May 9, 1989.

Richard A. Skolnik, Lipsey & Skolnik, Providence, for plaintiffs.

Richard R. Ackerman, Woonsocket, William G. Brody, Powers, Harsch & kinder, Inc., Providence, for defendants.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari filed by employees of the Woonsocket School Department in order to review a judgment of the District Court for the Sixth Division that upheld a majority decision of the Board of Review of the Department of Employment Security denying unemployment compensation to Mary Y. Krupa, Gladys Foresti, and Jane S. Murray (employees). We affirm the judgment of the District Court. The facts of the case as found by the referee who first heard the case are as follows.

The employees were employed since 1979 by the Woonsocket School Department where they worked as teachers' aides. For most of that period employees had been employed for a fifty-two-week period. Each employee was laid off for the first time during the 1984 summer recess. Thereafter, each employee returned to work at the beginning of the 1984–85 school year. Each employee was then laid off for the 1985 summer recess but had the assurance that she would be recalled for work for the 1985–86 school year. The issue presented by the claims for unemployment compensation was whether employees were barred from receiving said compensation for unemployment during the 1985 summer recess as a result of the provisions of G.L.1956 (1979 Reenactment) § 28–44–68(2)(A), as amended by P.L.1984, ch. 10, § 1, which provides that an employee of an educational institution shall not be entitled to unemployment compensation

"(2) With respect to services in any other capacity for an educational institution (including elementary and secondary schools and institutions of higher education)

(a) Compensation payable for weeks of unemployment beginning on or after April 1, 1984, on the basis of such services shall be denied to any individual for *any week which commences during a period between two (2) successive academic years or terms if such individual*

*performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms \* \* \* ."* (Emphasis added.)

Although the member of the board of review who represented labor dissented from the denial of unemployment compensation on the ground that these employees were fifty-two-week employees as opposed to those who are employed for only a portion of the year, it is apparent from reading the statute that no exception is made based upon the number of weeks for which an employee of an educational institution actually works. As we pointed out in *Preziosi v. Department of Employment Security Board of Review*, 529 A.2d 133 (R.I.1987), unemployment compensation for substitute teachers depended solely upon whether they received reasonable assurances of employment for the ensuing school term. The provision of the statute that relates to nonprofessional employees is identical in its exclusion to that portion of the statute that relates to instructional, research, or administrative employees. § 28–44–68(1).

It is a well-settled principle of statutory construction in this jurisdiction that when a statute has a plain, clear, and unambiguous meaning, no interpretation of the statute is required and the court is bound to construe the statute in accordance with the plain and ordinary meaning set forth therein. *See, e.g., O'Neil v. Code Commission for Occupational Safety & Health*, 534 A.2d 606 (R.I.1987); *Moore v. Rhode Island Share & Deposit Indemnity Corp.*, 495 A.2d 1003 (R.I.1985).

In the case at bar the Legislature by plain, clear, and unambiguous language makes an employee of an educational institution ineligible for unemployment compensation for any week that commences during a period between two successive academic years or terms as long as that individual has reasonable assurance that he or she will perform those services in the second of those academic years or terms. The referee found, and the majority of the board of review confirmed, that these employees had reasonable assurance of returning to work for the department during the second academic term, or as the referee put it, the "scholastic year." The District Court accepted these findings of fact as it was required to do pursuant to G.L.1956 (1984 Reenactment) § 42–35–15(g), as amended by P.L.1984, ch. 183, § 2.

The sole remaining task to be performed by the District Court was to apply those findings of fact to an unambiguous and clear statutory denial of compensation.

Our task is similarly limited to determining whether there was competent evidence to support the judgment of the District Court. We find that the uncontradicted evidence supported that judgment and that the conclusions of law of the District Court were correct.

Consequently the petition for certiorari is denied and dismissed. The writ heretofore issued is quashed. The judgment of the District Court is affirmed. The papers in the case are remanded to the District Court with our decision endorsed thereon.