**Francisco ORTIZ GONZALEZ, Plaintiff,**

v.

**Mercedes OTERO de RAMOS, et al., Defendants.**

**Civ. No. 89–1195 (JAF).**

United States District Court,
D. Puerto Rico.

April 24, 1990.

**10**

Armando Cardona–Estelritz, Isidro Garcia Pesquera Law Offices, San Juan, P.R., for plaintiff.

María L. Jiménez Colón, Jimenez & Fuentes Law Offices, Carlos E. Rodríguez Quesada, Director Federal Litigation Div., Dept. of Justice, Com. of Puerto Rico, Héctor Rivera Cruz, Secretary of Justice, Com. of Puerto Rico, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This case is before us on a motion to dismiss submitted by defendants Miguel A. Lin, Daniel Hernández Sánchez, Félix M. Ortiz Figueroa and Mercedes Otero de Ramos. Their motion responded to a complaint filed by plaintiff Francisco Ortiz González alleging that his transfer from El Zarzal penal camp to the Humacao Regional jail deprived him of his civil rights in violation of 42 U.S.C. section 1983 and the fourteenth amendment of the Constitution. In the motion to dismiss, defendants charge that plaintiff has no constitutionally protected interest to remain in the correctional facility of his choice. We disagree. Regulations governing administrative decisions within the Puerto Rico penal system grant prisoners an expectation that they will be given some procedure to investigate an allegedly improper transfer. Thus, plaintiff has made a sufficient and colorable claim of a section 1983 violation. We must, then, deny defendant's motion to dismiss on these grounds at this time.[1]

### I. *Factual Background*

Plaintiff González was incarcerated at El Zarzal Camp, a minimum security facility, on November 9, 1988. Inmates at the camp occupy cell blocks in strict alphabetical order. However, when plaintiff arrived he was placed in a cell not corresponding to the first letter of his surname. Consequently, when prison officials took roll call on Sunday, November 13 and Wednesday, November 16, plaintiff was recorded as missing.[2] Plaintiff informed guards twice that his name was not called at his cell block when officials took roll. When officials discovered plaintiff, inside the camp, on Thursday, November 17, they charged him with attempting to escape from the facility. Plaintiff was immediately transferred to the Humacao District Jail, a medium security facility, and remains there to this day.

Plaintiff claims his transfer was improper and violated his "liberty interest" without due process in violation of the fourteenth amendment. He alleges that he has suffered a severe setback in his attempt at rehabilitation and recovery. He is particularly concerned the effect the allegedly mistaken escape attempt will have on his record and chances for parole. Defendants have responded that plaintiff is not entitled to choose the facility of his confinement, those decisions being entirely discretionary with correctional administrators. Thus,

---

1. In weighing the merits of defendants' motion we will analyze the facts in the light most favorable to plaintiff. 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1357 (1969). Judgment pursuant to Fed.R.Civ.P. 12(b)(6) will not be granted unless defendants clearly establish there are no material issues of fact and that plaintiff's complaint fails as a matter of law. *Id.*

2. "Head counts" taken on Saturday, November 12, Monday, November 14, and Tuesday, November 15, however, accounted for all the prisoners and should have alerted officials to the discrepancy.

they argue, no violation of constitutional magnitude occurred.

## II. *Discussion*

In order to establish a valid 42 U.S.C. section 1983 claim plaintiff must indicate that (1) the conduct complained of was committed by a person acting under color of law; and (2) that this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985) (*quoting Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981)). The named defendants are all officials in the Correctional Administration of the Puerto Rico penal system.[3] Their decisions or actions, therefore, are taken pursuant to the authority of local law.

The issue, then, remaining for us to decide is whether the transfer of plaintiff González from a minimum security facility to a medium security facility deprived him of constitutionally protected civil rights. Plaintiff claims that he was deprived of his "liberty interest" without due process of law in violation of the fourteenth amendment. *See Maldonado Santiago v. Velázquez García,* 821 F.2d 822 (1st Cir. 1987). The fourteenth amendment, however, does not by itself guarantee a prisoner a protected liberty interest in the security grade or location of his confinement. *Id.* at 827; *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976); *Meachum v. Fano,* 427 U.S. 215, 226, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976). Protected due process liberty interests are created when a state "plac[es] substantive limitations on official discretion." *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983). Courts have found that in the prison context, the state creates such a right when it provides for certain substantive predicates to administrative segregation

that use language of "unmistakably mandatory character." *Hewitt v. Helms,* 459 U.S. 460, 471–72, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1983).

The facts indicate that plaintiff González was transferred in response to his "attempted escape" from El Zarzal. It seems, therefore, that the transfer was a disciplinary measure on the part of the correctional administrators. According to the Rules and Regulations of the Corrections Administration of Puerto Rico (1986), Law No. 116 of July 22, 1974, a hearing is required either prior to or after transfer in order to investigate the underlying incident. Rule 22 in particular, which governs transfers necessary to avoid the "imminent danger of evasion," requires an administrative hearing within seven working days of the transfer.[4] The First Circuit, moreover, has held that Rule 22 satisfies the criteria for due process liberty interests as defined in *Hewitt. Maldonado,* 821 F.2d at 827. Plaintiff mentions he participated in some administrative investigation but does not describe the substance or the timing of these inquiries. The government, furthermore, does not contend in its motion to dismiss that defendants complied with the procedural safeguards outlined in Rule 22.

We find, therefore, at this stage that plaintiff has made out a colorable claim that the transfer violated the procedural guarantees outlined by Rule 22. The withholding of an established process to which plaintiff is entitled amounts to a deprivation of liberty in violation of the fourteenth amendment. *Maldonado,* 821 F.2d at 828. Consequently, we deny defendant's motion to dismiss as to this claim.

IT IS SO ORDERED.

---

**3.** Defendant Mercedes Otero de Ramos is the Correctional Administrator of the Commonwealth of Puerto Rico; Defendants Daniel Hernández Sánchez and Félix Ortiz Figueroa are Superintendents in the Correctional Administration in charge of El Zarzal camp; Defendant Miguel A. Lin is a Superintendent in the Correctional Administration in charge or the Humacao Regional Jail.

**4.** One of plaintiff's claims is that he was entitled to a hearing *before* being transferred to the Humacao facility. However, if he was transferred because he had tried to "evade" authorities, an immediate transfer is allowed with a hearing to follow.