[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED DECISION
Plaintiff, New Bank of New England, has moved this Court to reconsider its September 12, 1991 decision in the above-captioned case. This Court's original decision granted plaintiff's motion to dismiss defendants' counterclaims, but did not rule on the propriety of defendants' affirmative defenses. Rule 59 of Sup. Ct. R. Civ. P. empowers this Court to amend its previous decisions upon motion of either party. This amended decision incorporates and supercedes this Court's September 12, 1991 decision.
On February 14 and 19, 1988, Jack, Saul and Nathan Lindenfeld ("defendants") executed absolute and unconditional guaranties of payments for indebtedness to the Bank of New England and its successor "New Bank"[1] ("plaintiff") in the sum of $1,157,667.70.[2] The guaranties were made to cover loans issued to Bowen Street and Sheldon Street Associates, of which the defendants were general partners. On October 4, 1990, the plaintiff made demand to collect upon the notes and subsequent guaranties. Sheldon Street Associates entered Chapter 11 bankruptcy on December 13, 1990. The defendants have failed to pay the guaranties made to Bank of New England.
On January 9, 1991, the plaintiff filed a complaint seeking payment of guaranties made by the defendants in the sum of $1,157,667.70 plus interest, costs and attorneys' fees. On March 22, 1991, the defendants answered the complaint, presenting eight affirmative defenses and eight counterclaims against New Bank. These counterclaims allege that the Bank of New England and the plaintiff breached various fiduciary and contractual duties. The plaintiff filed a timely motion to dismiss the defendants' counterclaims and to strike the defendants' affirmative defenses.
Pursuant to Rule 12(b)(6), failure to state a claim upon which relief can be granted is a defense to a counterclaim. When considering a motion to dismiss under Rule 12(b)(6), the Court must view all facts and inferences in the light most favorable to the non-moving party. Lopez v. Bulova Watch Co., Inc.,582 F. Supp. 755, 767 (D.R.I. 1984). A complaint will be dismissed only where it is clear beyond a reasonable doubt that the plaintiff will not be entitled to relief from the defendant under any set of facts which could be proven in support of his claim. Gagnonv. State, 570 A.2d 656 (R.I. 1990).
In their counterclaim, the defendants seek compensatory damages for the Bank of New England's and the plaintiff's breach of various duties owed to the defendants. The alleged breaches include: breach of guaranty; breach of fiduciary duty; breach of commitment to lend; breach of reinstatement agreement; and breach of mortgage reinstatement provisions.
The defendants contend that their counterclaims are not governed by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). 12 U.S.C.A. § 1810 et seq. (West 1989 Supp. 1991). FIRREA establishes guidelines for government entities such as the FDIC, acting in receivership roles for failed institutions, such as the Bank of New England. In particular, 12 U.S.C.A. § 1821(d)(13)(D) provides as follows:
 D) Limitation on judicial review Except as otherwise provided in this subsection, no court shall have jurisdiction over — (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the corporation may acquire from itself as such receiver, or (ii) any claim relating to any act or omission of such institution or the corporation as receiver. (emphasis added)
The Court finds that the language of 12 U.S.C.A. § 1821(d)(13)(D) is indeed controlling.
The defendants' counterclaim is based upon acts or omissions by the Bank of New England and FDIC. Thus, subpart (ii) of 12 U.S.C.A. § 1821(d)(13)(D) clearly prevents this Court from hearing the defendants' counterclaim. Federal courts have, interpreting 12 U.S.C.A. § 1821(d)(13)(D), repeatedly held that courts have no subject matter jurisdiction over claims based on the conduct of a failed institution until after the exhaustion of the administrative claims process. See, e.g., Tuxedo BeachClub Corp. v. City Fed. Sav. Bank, 737 F. Supp. 11, 20 (D.N.J. 1990). This Court, therefore, finds that the defendants cannot bring their counterclaims against the FDIC in its role as receiver of New Bank in this Court until the established administrative process has been exhausted.
The Court does not agree with the defendants' contention that a counterclaim is not a claim under 12 U.S.C.A. § 1821(d)(13)(D). It is a well-settled principle of statutory construction that when a statute is unambiguous and expresses a clear and sensible meaning, a reviewing court is required to construe the statute in accordance with the plain and ordinary meaning set forth therein.Krupa v. Murray, 557 A.2d 868, 869 (R.I. 1989); O'Neil v. CodeCommission For Occupational Safety and Health, et al.,534 A.2d 606, 608 (R.I. 1987). The general rule is that the intention of the legislature controls the court's consideration of the mandatory character of statutory provisions. Roadway Express,Inc. v. Rhode Island Commission for Human Rights, 416 A.2d 673, 674 (R.I. 1980). Where the language used in the statute is unambiguous and conveys a clear and rational meaning, then a court need only look to those words to ascertain the intent of the legislature. Id.
A counterclaim is "[a] claim presented by a defendant in opposition to or deduction from the claim of the plaintiff". Black's Law Dictionary 349 (6th Ed. 1990). Thus, the language in 12 U.S.C.A. § 1821(d)(13)(D)(ii) "any claim relating to any act . . . of such institution [Bank of New England] or the corporation as receiver" clearly includes the counterclaims the defendants have filed in the instant case.
If this Court were to accept the defendants' allegation that their Chapter 11 bankruptcy should stay all action against them, then this stay would apply to all other claims made by the defendants against any other party. 11 U.S.C.A. § 362 (West 1979 Supp. 1991). As a result, all such claims would now belong to the bankruptcy estate and its receiver. 11 U.S.C.A. § (West 1979 Supp. 1991). These claims can be litigated only by the receiver for the bankruptcy estate, not the defendants who filed for Chapter 11.
Defendants' counterclaims are clearly "claims" within the purview of FIRREA. As such, this Court is without subject matter jurisdiction over these claims until defendants exhaust their remedies under the established administrative claims process. Plaintiff's motion to dismiss defendants' counterclaims is hereby granted.
Plaintiff's motion also seeks to strike defendants' eight affirmative defenses. These defenses are identical to the eight counts contained in defendants' counterclaim. The first seven affirmative defenses address issues attributable solely to the conduct of plaintiff's predecessor, Bank of New England, and include: breach of guaranty, breach of fiduciary duty, breach of commitment to lend, breach of various reinstatement provisions, and failure of consideration.
Affirmative defenses plead matters extraneous to the plaintiff's case, denying the plaintiff's right to recover even where the allegations of the complaint are true. Fed. DepositIns. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987). Pleading affirmative defenses puts the plaintiff on notice that extraneous matters are in issue and allocate the burden of proof on such matters to the defendant. Id.
Courts generally look with disfavor upon motions to strike affirmative defenses. Fed. Deposit Ins. Corp. v. Butcher, 660 F. Supp. 1274, 1277 (E.D. Tenn. 1987). The granting of a motion to strike is within the discretion of the court. Id. The trial court should exercise its discretion and grant the motion to strike only where the defenses are insufficient as a matter of law, immaterial because they bear no essential relationship to claims asserted, or are impertinent in that they do not pertain to the issues in question. Id. The plaintiff may prevail on a motion to strike only where it appears that there is no question of law that the court should hear on the merits. Oppel v. EmpireMut. Ins. Co., 92 F.R.D. 494, 496 (S.D.N.Y. 1981).
Defendants herein raise eight affirmative defenses to plaintiff's complaint. This Court has acknowledged that these eight defenses are identical to the matters raised in defendants' counterclaim. With respect to the matters raised in the first seven affirmative defenses, this Court has herein decided that its subject matter jurisdiction over these matters is preempted by FIRREA until defendants exhaust their remedies through the appropriate administrative process. Because this Court is without power to hear or resolve the matters raised in these seven defenses on the merits, plaintiff's motion to strike is hereby granted.
Defendants' eighth affirmative defense alleges that plaintiff is without standing to bring this suit. Unlike the substantive issues raised in the first seven defenses, FIRREA does not preclude this Court from addressing the standing issue raised in defendants' eighth affirmative defense. For plaintiff to succeed on its motion to strike an affirmative defense, this Court must be satisfied that the law is clear and undisputed, and that there are no facts or circumstances under which the defense could succeed. Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116, 121 (D.P.R. 1972).
The parties' memoranda of law in this case address primarily the applicability of FIRREA and whether this Court has jurisdiction over the substantive issues raised in defendants' counterclaim and affirmative defenses. While plaintiff's memorandum deals specifically with the FIRREA issues, no part of its brief specifically addresses the standing issue. As such, this Court is not satisfied that defendants' affirmative defense relative to plaintiff's standing would fail under any set of facts or circumstances but would consider whatever memoranda the parties submit relative to this sole issue.
This Court hereby dismisses all counts of defendants' counterclaim without prejudice. If defendants exhaust all appropriate administrative procedures under FIRREA, they may then properly pursue their counterclaim in this Court. With respect to plaintiff's motion to strike, this Court hereby strikes each of defendants' first seven affirmative defenses. As to the eighth affirmative defense, the Court will await brief memoranda.
Counsel shall prepare an appropriate order for entry.
[1] On January 6, 1991, the controller of the currency of the United States found the Bank of New England to be insolvent, and acting pursuant to 12 U.S.C. § 191 appointed the FDIC as receiver. The FDIC chartered New Bank to provide continued banking services for the region. See 12 U.S.C. § 1813(i).
[2] This action also involves an alleged default on one promissory note, for $22,843.50, made to Bank of New England — Old Colony, by Simon's Pub., Ltd., which was executed on July 27, 1988; the defendants executed guaranties of payment on the same day.