**Joan EGAN et al.**

v.

**STATE of Rhode Island DEPARTMENT OF TRANSPORTATION.**

**No. 91–538–M.P.**

Supreme Court of Rhode Island.

Dec. 15, 1992.

Geoffrey A. Regan, William P. Devereaux, McGovern, Noel & Benik, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Robert J. Durant, Jr., Sp. Asst. Atty. Gen., for defendant.

OPINION

SHEA, Justice.

This matter is before the Supreme Court pursuant to the petition of the Rhode Island Department of Transportation (DOT) for the issuance of a writ of certiorari to review a ruling of the District Court. In that case the District Court ruled that the appeals board within the administrative adjudication division (AAD) of the DOT was illegally constituted. We deny the petition and affirm the judgment of the District Court.

Pursuant to the provisions of G.L.1956 (1982 Reenactment) chapter 27 of title 31, the DOT proceeded against plaintiffs, Joan Egan and Joseph Erba, for refusing to submit to breathalyzer examinations on February 29, 1988, and April 18, 1989, respectively. The plaintiffs each contested the charges on constitutional grounds. After separate hearings before an AAD judge, the charges against plaintiffs were sustained and the minimum sanctions were imposed. Both plaintiffs filed timely appeals to the adjudication administration appeals board. In each case the appeals board, composed entirely of administrative adjudication judges, heard the appeals and affirmed the AAD judge's decision below.

Both plaintiffs then appealed the appeals board decision to the District Court as provided for in G.L.1956 (1982 Reenactment) § 31–43–4(9), as amended by P.L.1982, ch. 222, § 1. After hearing, the District Court judge rendered a decision, holding that the administrative adjudication appeals board was illegally constituted at the time of its decision in that it did not include at least one practicing attorney as required under § 31–43–4(1).

That section provides in part:

"*Appeals board.* The assistant director for administrative adjudication shall establish one or more appeals boards consisting of three (3) or more appeals officers, at least one (1) of whom shall be a practicing attorney in the state of Rhode Island, to serve at his pleasure and shall select a chairman for each appeals board from the members so appointed."

The issue to be resolved is whether an appeals board composed entirely of AAD judges was legally constituted under the statute. Clearly it was not.

Section 31–43–1(2) provides that AAD judges or hearing officers, who are appointed by the Governor, "shall be attorneys-at-law who prior to their appointment shall have practiced in this state for not less than two (2) years." Section 31–43–1(3) provides that a hearing officer "shall devote full time to his judicial duties. He [or she] shall not practice law while holding office."

As noted above, § 31–43–4, which governs the appellate process, directs that there shall be one or more appeals boards "consisting of three (3) or more appeals officers, at least one (1) of whom shall be a practicing attorney."

In *Krupa v. Murray*, 557 A.2d 868, 869 (R.I.1989), we held that

"statutory construction in this jurisdiction [states] that when a statute has a plain, clear, and unambiguous meaning, no interpretation of the statute is required and the court is bound to construe the statute in accordance with the plain and ordinary meaning set forth therein."

The language of § 31–43–1(3) is clear and unambiguous. An AAD judge or hearing officer may not practice law. Such an official cannot ever qualify to sit on an appeals board as a practicing attorney. The decision of the District Court on this issue was absolutely correct.

Therefore, the writ previously issued is quashed, the judgment of the District Court is affirmed, and the papers of the case are remanded to the District Court with our decision endorsed thereon.