**WOONSOCKET SCHOOL COMMITTEE**

v.

**DEPARTMENT OF EMPLOYMENT AND TRAINING, BOARD OF REVIEW et al.**

No. 92–638–M.P.

Supreme Court of Rhode Island.

Dec. 13, 1993.

Richard Ackerman, Joseph Dugan, Woonsocket, for plaintiff.

Paul Giacobbe, Warwick, for defendant.

1. At times in the record Reynolds's first name is spelled Priscille.

## OPINION

SHEA, Justice.

This matter came before the Supreme Court on the plaintiff's petition for certiorari to review the District Court judge's affirmation of an order of the Board of Review of the Department of Employment and Training (board of review). We affirm the judgment of the District Court.

The basic facts of this case are as follows. In letters dated June 11, 1991, Priscilla Reynolds, Dorothy DeThomas, Muriel Bedard, Lorraine Sanford, and Kathleen Bergeron (employees) were notified that their status as 52–week employees of the Woonsocket School Department was being unilaterally altered.[1] Effective July 1, 1991, they would be reduced to 190–day–employee status, as they henceforth would be working only 10 days during the schools' summer vacation instead of the entire duration. This change in their employment schedule resulted in a substantial reduction in their yearly incomes.

The employees filed for unemployment benefits for the summer of 1991. On July 18, 1991, the Department of Employment and Training (DET) denied their claims. On November 19, 1991, the employees appeared before a referee of DET's board of review. On November 27, 1991, the referee issued individual decisions denying the employees' claims. The referee determined that the employees were subject to the "between term" disqualification contained in G.L.1956 (1986 Reenactment) § 28–44–68, which reads in pertinent part as follows:

"(1) With respect to services performed * * * in an instructional, research, or principal administrative capacity for an educational institution * * * benefits shall not be paid based on those services for any week of unemployment commencing during the period between two (2) successive academic years * * * to any individual if that individual performs those services in the first of such academic years * * * and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any edu-

cational institution in the second of those academic years or terms."

The employees appealed to the board of review, which reversed the referee in a decision issued on January 22, 1992. The board of review determined that the employees were not subject to the between-terms disqualifying language of § 28-44-68 because reasonable assurance of work did not exist. The board of review stated: "Reasonable assurance exists only if the economic terms and conditions of the job offered are not substantially less than the terms and conditions for the job as a fulltime employee."

Since the employees at issue would suffer a substantial decrease in pay because of the substantial decrease in the number of days worked, the board of review concluded that they were eligible to collect unemployment benefits commencing July 1, 1991, and continuing until they resumed employment.

The matter then came before the District Court on the complaint of the Woonsocket School Committee seeking judicial review of the final decision rendered by the board of review. The District Court judge reviewed the decision pursuant to G.L.1956 (1988 Reenactment) § 42-35-15(g), which states:

"The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, interferences [sic], conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error or [sic] law;

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Upon review, the District Court judge affirmed the decision of the board of review, stating:

"A review of the entire record demonstrates that there is reliable, probable and substantial evidence to support the findings, conclusions and decision of the Board of Review that the economic terms and conditions for the job offered were substantially less than the terms and conditions of the job as full-time employees, and further reasonable assurance [of work] did not exist."

The case is now before this court on the Woonsocket School Committee's petition for certiorari. Therefore, our review

"is limited to determining whether the record reflects evidence, or reasonable inferences that may be drawn therefrom, to support the findings of the tribunal whose decision is being reviewed." *Preziosi v. Department of Employment Security, Board of Review*, 529 A.2d 133, 135 (R.I. 1987) (citing *Guarino v. Department of Social Welfare*, 122 R.I. 583, 588–89, 410 A.2d 425, 428 (1980)).

In this matter the record reveals that the employees had worked at their current positions for varying lengths of time, between three and thirty-one years, on a fifty-two-week basis. The record also reveals that the employees were employed in clerical jobs as either secretaries or clerk typists. These jobs are not the typical educational positions that are tailored to the academic year.

Given that the employees had been employed for lengthy periods on a fifty-two week basis and that they were provided very little notice that they would not be employed during the summer months, we determine that the District Court judge did not err in affirming the decision of the board of review. Therefore, we conclude that the employees are entitled to unemployment benefits for this first summer. We do not, however, rule that the employees will be eligible for benefits in subsequent years if the restricted conditions of employment persist. *See Krupa v. Murray*, 557 A.2d 868 (R.I.1989).

For these reasons the petition for certiorari is denied, the writ heretofore issued is

quashed, the judgment of the District Court is affirmed, and the papers of this case are remanded to the District Court with our decision endorsed thereon.