**VECTOR HEALTH SYSTEMS**

v.

**Dennis REVENS, in his capacity as Director of Second Injury Indemnity Fund et al.**

**No. 93–359–M.P.**

Supreme Court of Rhode Island.

June 17, 1994.

Robert E. Hardman, Carroll, Kelly & Murphy, Providence, for plaintiff.

Judith Scott, Division of Workers' Compensation, Providence, for defendant.

## OPINION

SHEA, Justice.

This court granted the petition for writ of certiorari filed by the defendant, Dennis Revens, in his capacity as director of the Second Injury Indemnity Fund (the Fund). The defendant seeks review of a decision by the Workers' Compensation Court Appellate Division that the plaintiff, Vector Health Systems, is entitled to reimbursement from the Fund. We agree with the defendant that the plaintiff is not entitled to reimbursement and quash the decision of the Appellate Division.

The issue in this case is whether plaintiff qualifies for reimbursement from the Fund. The Legislature created the Fund "to encourage the employment of disabled employees by limiting the liability of employers for compensation and medical charges when an injury to an employee aggravates a preexisting condition." General Laws 1956 (1986 Reenactment) § 28–37–4(a), as amended by P.L.1993, ch. 474, § 4. Employers qualify for reimbursement if they meet the requirements of subsection (d) of § 28–37–4. At the time plaintiff first petitioned for reimbursement, subsection (d) provided:

"In order to qualify under this section for reimbursement from the special fund, the new employer must establish by written records that the new employer had knowledge of the preexisting disability at the time that the employee was hired, or if that knowledge was acquired thereafter, that the employee was retained in employment after the employer acquired that knowledge; Provided, however, That *if the employee fails to disclose a prior injury for which compensation was paid, the employer shall qualify for reimbursement under this section.*" (Emphasis added.) G.L.1956 (1986 Reenactment) § 28–37–4(d).

The statute thus provided three avenues for the employer to qualify for reimbursement: (1) knowingly hiring an employee with a preexisting disability, (2) retaining an employee after a pre-existing disability is made known, or, (3) hiring an employee who fails to disclose a prior injury for which compensation was paid. *Id.*[1] Both parties agree that plaintiff may qualify for reimbursement only if the third avenue is available.

The current dispute arose from plaintiff's employment of Richard Butler. Butler began working for plaintiff in May 1987 and suffered a work-related injury on June 28, 1988. Butler never informed plaintiff that he had previously suffered a work-related injury and Butler also had responded "[n]o" to the employment-application inquiry into whether he had a physical disability. Butler, however, had previously suffered a work-related injury to his back while he was employed as an officer on the Providence police department. Butler received injured-on-duty payments for his injury pursuant to the contract between the police officers and the city of Providence. Butler retired from the police department in 1981 with a medical-disability

---

**1.** Since the time that plaintiff filed for reimbursement, the Rhode Island General Assembly has significantly revised subsection (d), as well as most other provisions regarding the Fund. *See* P.L.1990, ch. 279, § 2; P.L.1990, ch. 332, art. 3, § 21; P.L.1991, ch. 206, § 7; P.L.1992, ch. 31, § 16; P.L.1993, ch. 474, § 4. Although it does not affect the outcome of this case, the recent amendment that is most pertinent to the issues in this appeal was the elimination of the third avenue by which employers may qualify for reimbursement. *See* P.L.1993, ch. 474, § 4 (amending G.L.1956 (1986 Reenactment) § 28–37–4(d)). Under this amendment employers are no longer eligible for reimbursement if their employees fail to disclose prior injuries for which compensation was paid. *Id.* Instead, the Legislature has permitted employers to qualify for reimbursement if they have received workers' compensation rating credits for *knowingly* hiring persons that were unemployed due to work-related injuries. *Id.* The General Assembly has also altered the entire nature of the Fund by converting it from the Second Injury Indemnity Fund to the Workers' Compensation Administrative Fund. P.L.1991, ch. 206, § 7. The new Administrative Fund now serves not only as a source for second-injury payments but also as a source for expenditures of the Workers' Compensation Court and the Department of Labor. *Id.*

pension. Butler did not experience any further problems with his back from the time of his police retirement until his injury as plaintiff's employee. Both the uncontroverted medical evidence and the memorandum of agreement filed on behalf of plaintiff describe Butler's June 1988 injury as an aggravation of his prior back injury.

The plaintiff paid 104 weeks of workers' compensation benefits to Butler. The plaintiff was denied reimbursement from the Fund by a Workers' Compensation hearing officer on April 19, 1990, and by the administrator of the Fund on March 29, 1991. The plaintiff proceeded to the Workers' Compensation Court but was again denied reimbursement from the Fund for failing "to demonstrate * * * that the prior disability * * * was the result of a work-related injury for which the employee was paid *compensation*." (Emphasis added.) *Vector Health Systems v. Revens,* No. W.C.C. 91–4799, at 1 (R.I. Workers' Comp. Ct. Jul. 3, 1992). The trial justice ruled against plaintiff because any benefits Butler received for his prior work-related injury were not workers' compensation benefits but were the result of a collective-bargaining agreement. The Appellate Division of the Workers' Compensation Court, however, found the trial court's interpretation of § 28–37–4 erroneous. *Vector Health Systems v. Revens,* No. W.C.C. 91–4799, at 3 (R.I. Workers' Comp. Ct.App. Div. Jan. 20, 1993). The Appellate Division decided that the statutory reimbursement scheme "applies to anyone that had a prior work-related injury, not necessarily only to those who had a work-related injury for which they actually received weekly compensation benefits." *Id.* at 3–4. We now reverse the Appellate Division decision.

■ The determination of whether plaintiff is entitled to reimbursement from the Fund turns on the meaning of "compensation" in § 28–37–4(d). "[T]his court has said on numerous occasions that when the language of the statute is unambiguous and expresses a clear and sensible meaning, no room for statutory construction or extension exists, and we are required to give the words of the statute their plain and obvious meaning." *Ellis v. Rhode Island Public Transit*

*Authority,* 586 A.2d 1055, 1057 (R.I.1991)(citing *O'Neil v. Code Commission for Occupational Safety and Health,* 534 A.2d 606, 608 (R.I.1987)). The clear and sensible meaning of "compensation" in the disputed statute is "workers' compensation." The statute employed the word "compensation" in eight other instances besides subsection (d). *See* G.L. 1956 (1986 Reenactment) § 28–37–4(a)–(f). Although several times the statute refers to "compensation pursuant to the provisions of chapters 29–38, inclusive, of this title," nowhere does the statute refer expressly to "workers' compensation." *Id.* Chapters 29 through 38 of title 28 are the chapters addressing workers' compensation. The plain and obvious meaning of "compensation" throughout § 28–37–4 and the whole of chapter 37 is "workers' compensation." Had the Legislature intended any meaning other than workers' compensation, it surely would have expressly stated that meaning.

■ The plain and obvious meaning of "compensation" does not encompass Butler's injured-on-duty payments or medical-disability pension because neither constitutes workers' compensation benefits. In fact, the General Assembly has expressly excluded "the members of the regularly organized fire and police departments of any town or city," from the definition of "employee" for workers' compensation benefits eligibility. G.L.1956 (1986 Reenactment) § 28–29–2(2), as amended by P.L.1992, ch. 31, § 2. Given this exclusion of police officers from the overall scheme of workers' compensation, this court finds no reason to expand the meaning of "compensation" to include payments such as Butler received.

■ The plaintiff places much reliance on the statutory language and our case law that mandate liberal construction of the Fund's statutory provisions. *See* § 28–37–4(a)(stating director of fund shall interpret eligibility requirements liberally); *see also Gilbane Co. v. Poulas,* 576 A.2d 1195, 1196 (R.I.1990)(stating both statutory and decisional law mandate liberal construction of the fund's provisions). The mandate for liberal construction, however, like any other rules of statutory construction, does not apply where the statute has a plain, clear, and unambigu-

ous meaning. *Krupa v. Murray,* 557 A.2d 868, 869 (R.I.1989). In such a circumstance this court will apply the plain and ordinary meaning and will not engage in construction of the statute. *Id.*

The plaintiff sought reimbursement under the statutory language that provides: "if the employee fails to disclose a prior injury *for which compensation was paid,* the employer shall qualify for reimbursement under this section." (Emphasis added.) G.L.1956 (1986 Reenactment) § 28–37–4(d). The plaintiff's employee never received workers' compensation benefits for the prior injury as required by the statute. The plaintiff's employee instead had failed to disclose a prior injury for which he had received benefits under a collective-bargaining agreement. The plaintiff, therefore, does not qualify for reimbursement from the Fund.

For the reasons stated, the defendant's petition for certiorari is granted, the final decree of the Workers' Compensation Court Appellate Division is quashed, and the papers of the case are remanded with our opinion endorsed thereon.

