DECISION
Before this Court is an appeal from the decision of the Personnel Appeal Board (hereinafter "PAB"). The Department of Children, Youths and Families (hereinafter "DCYF") seeks reversal of the PAB's decision to reinstate Warren Hurlbut (hereinafter "Hurlbut") to the position of Assistant Director of Juvenile Correctional Services of DCYF. Jurisdiction is pursuant to R.I.G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts/Travel
On March 7, 1991, DCYF notified Hurlbut that as of March 21, 1991, Hurlbut would be placed on layoff status due to "the severe financial crisis" affecting the State. Pursuant to R.I.G.L. 1956 (1990 Reenactment) § 36-4-42, Hurlbut appealed his layoff to the PAB. After several public hearings which concluded on January 21, 1992, the PAB decided in favor of Hurlbut. A March 25, 1992 decision ordered Hurlbut's reinstatement.
Additional hearings were then held on the issue of remedies. In a decision, dated September 9, 1992, the PAB ordered DCYF to provide several remedies to compensate Hurlbut for his wrongful layoff. This timely appeal follows.
At issue is whether DCYF has standing, under the Administrative Procedures Act (hereinafter APA), to bring this appeal. Hurlbut contends that the clear and unambiguous language of section 42-35-15, the judicial review provision of the APA, precludes DCYF from appealing the PAB's decision. This Court agrees.
The review of a decision of the PAB by this Court is controlled by G.L. § 42-35-15 of the APA which provides in pertinent part that:
 (a) Any Person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. Any preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency order would not provide an adequate remedy. (emphasis added)
The APA defines a "person" as being "an individual partnership, corporation, association, governmental subdivision, or public or private organization of any character other than anagency" (emphasis added). G.L. § 42-35-1(g). An "agency" includes "each state board, commission, department, or officer, other than the legislature or the courts, authorized by law to make rules or determine contested cases. . ." G.L. § 42-35-1(a). In the instant case, it is undisputed that DCYF is an agency, not a person, under the APA.
When dealing with statutory interpretation, our Supreme Court has stated on several occasions that, "when the language of a statute is unambiguous and expresses a clear and sensible meaning no room for statutory extension exists." Ellis v. Rhode IslandPublic Transit Authority, 586 A.2d 1055, 1057 (R.I. 1991) (citing O'Neil v. Code Commission for Occupational Safety andHealth, 534 A.2d 606, 608 (R.I. 1987)). Furthermore, this Court is required to give the language of a statute its plain and obvious meaning. Id.
The words of the aforementioned sections are clear and unambiguous. If the "person" to whom judicial review is made available does not include an "agency," as the word is defined in § 42-35-1(g), then DCYF, being an agency, does not have standing to appeal an adverse decision of the PAB to this Court.
This Court's ruling is supported by the plain language of the statute and represents the overwhelming weight of authority under statutes similar to our APA. In F.D. Lee, Administrator of CivilAeronautics, Petitioner v. Civil Aeronautics Board, 96 U.S. App. D.C. 299, 225 F.2d 950 (1955), the Administrator of Civil Aeronautics was not a "person" entitled to appeal an adverse administrative decision. Further, the Ohio Supreme Court stated that:
 the weight of authority negatives the right of an administrative officer of a government entity, or even the government entity or any representative thereof, to attack or avoid the decision of an agency of such governmental entity, which is authorized to review and reverse the determination of such administrative officer and does review and reverse the determination, except to the extent that the legislation gives such . . . governmental entity . . . the right to do so. State ex rel. Broadway Petroleum Corp. v. City of Elyria, 18 Ohio St.2d 23, 247 N.E.2d 471 (1969).
Moreover, this Court finds the cases of Mead v. State Departmentof Health Welfare and Rehabilitation, Services to the BlindDivision and Pritchard v. Division of VocationalRehabilitation, Department of Health and Social Services, which are virtually identical to the case at bar, persuasive. InMead, 523 P.2d 611 (Nev. 1975), an employee of the Bureau of Blind Services was dismissed from his employment. The State Personnel Advisory Commission found that the dismissal was unjustified and ordered the employee reinstated. The State Department of Health, Welfare, and Rehabilitation appealed to the District Court. The Nevada Supreme Court, which interpreted an APA statute identical to the Rhode Island APA, held that the District Court lacked jurisdiction to hear the appeal since the Department was not a "person" within the meaning of the APA.Id. at 612. The Pritchard court, 540 P.2d 523 (Wyo. 1975), under facts identical to Mead, held that the right to appeal from an adverse ruling is specifically denied to a state "agency" by the Wyoming APA.
Similarly, the Colorado Supreme Court, in State v. ColoradoState Personnel Board, 722 P.2d 1012 (Colo. 1986), thwarted an attempt by the Colorado State Department of Personnel to challenge an adverse ruling of the State Personnel Board. Since all of the plaintiffs were agencies, not persons, under the APA, the Colorado court ruled that they had no authority to seek judicial review. Id. at 1016.
The rule expressed in the aforementioned cases, mirrors the rule in the federal system that the judicial review provision's purpose is not to permit litigation between agencies but to allow relief to persons aggrieved by agency action. Mead at 612 (citing Lee v. Civil Aeronautics Board, 96 U.S. App. D.C. 299,225 F.2d 950. To serve its purpose the Personnel Appeal Board must have final authority. Mead at 612. "Otherwise it would face constant judicial appellate review from persons not adversely aggrieved in their personal capacity." Id.
Alternatively, DCYF argues that it has a right to appeal the PAB's decision based upon the "public interest" exception. DCYF contends that an agency may seek review, even though not technically aggrieved, if "an unfavorable outcome of the controversy will adversely affect the public interest." MatunuckBeach Hotel, Inc. v. Sheldon, 121 R.I. 386, 395, 399 A.2d 489, 494 (1979). While DCYF correctly notes the existence of a "public interest" exception, it is incorrect in suggesting that the facts of this case warrant the application of said exception.
DCYF primarily relies on Rohrer v. Ford, 425 A.2d 529 (R.I. 1981), in which our Supreme Court recognized the Department of Administration's (hereinafter "DOA") standing to seek judicial review of a PAB decision. In Rohrer, the DOA's tax division terminated an employee after less than three months of service. The employee appealed to the PAB. After the PAB ordered reinstatement, the DOA filed an appeal with the Superior Court. Our Supreme Court held that "an agency charged with the responsibility of administering a particular law or set of rules and regulations designed to promote the public safety and welfare acts for the people and as such must be permitted to represent the people when a matter of public interest is involved."Rohrer at 531; (citing Newman-Crosby Steel, Inc. v. Fascio,423 A.2d 1162 (R.I. 1980)). The particular law designed to promote the public welfare in Rohrer was the DOA's duty to oversee and implement the state's Merit System Act. Since the PAB held that the DOA unjustly terminated an employee under the Act in which it had a duty to enforce, our Supreme Court found that a matter of public interest was involved and allowed the appeal.
In the instant matter, however, DCYF is not charged with the same public duty of overseeing the Merit System. The overriding purpose of merit-system legislation is to attain efficient public service that will benefit the people as a whole. Rohrer at 531. It was based on this obligation, as representative of the people, that our Supreme Court granted the DOA standing to seek review.Id. Conversely, DCYF's statutory purpose mentions nothing concerning merit-system law or its duty to protect efficient public service. Thus, since DCYF is not charged with the duty of ensuring efficient public service, DCYF's unjust termination of Hurlbut, while a matter of concern to both DCYF and Hurlbut, is not a controversy which would adversely affect the public interest. Accordingly, the requisite "public interest," that allowed the DOA in Rohrer to appeal a decision of the PAB, is not present in this case.
Additionally, Hurlbut requests attorney's fees and litigation expenses be awarded pursuant to the Equal Access to Justice Act. Rhode Island's Equal Access to Justice Act states, in pertinent part, that:
 [w]henever the agency conducts an adjudicatory proceeding subject to this chapter, the adjudicatory officer shall award to the prevailing party [attorney's fees] incurred by that party in connection with that proceeding.
 . . .
 If a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses shall be made by that court in accordance with the provisions of this chapter.
R.I.G.L. 1956 (1993 Reenactment) § 42-92-3. However, "[t]he [court] will not award fees or expenses if [it] finds that the agency was substantially justified in its actions leading to the proceedings and in the proceedings itself." Id. "Substantial justification" means that the initial position of the agency, as well as the agency's position in the proceedings, has a reasonable basis in law and fact. G.L. § 42-92-2(f). Moreover, our Supreme Court interprets substantial justification as requiring the agency to show "not merely that its position was marginally reasonable, its position must be clearly reasonable, well founded in law and fact, solid though not necessarily correct." Taft v. Pare, 536 A.2d 888, 893 (R.I. 1988) (quotingUnited States v. 1,378.65 Acres of Land, 794 F.2d 1313, 1318 (8th Cir. 1986)).
This Court is satisfied that DCYF was "substantially justified" in its attempt to appeal the PAB's decision. There exists reasonable grounds for DCYF to conclude it did have standing to appeal. Since our Supreme Court has afforded state agencies standing to appeal under certain circumstances, Altmanv. School Committee, 115 R.I. 399, 347 A.2d 37 (1975); Rohrer,425 A.2d 529, DCYF was justified in its attempt to appeal the PAB decision. Accordingly, Hurlbut's request for attorney's fees and litigation expenses is denied.
For the foregoing reasons, this Court holds that DCYF lacks standing to appeal the decision of the PAB to this Court. Accordingly, DCYF's appeal is dismissed.
Counsel shall prepare the appropriate order for entry.